**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4771**

―――――――――

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ELIJAH CLAY,

                                    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-04-65)

―――――――――

Submitted:  March 29, 2006            Decided:  May 9, 2006

―――――――――

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Elijah Clay pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced as an armed career criminal to the statutory minimum term of fifteen years imprisonment. 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005). Clay appeals his sentence, asserting that it violated the Fifth and Sixth Amendments under Blakely v. Washington, 542 U.S. 296 (2004). We affirm.

Clay does not dispute that his predicate convictions were "serious drug offenses" as defined in § 924(e)(2), but he contends that a jury should determine whether the offenses were "committed on occasions different from one another," as required by § 924(e)(1). Clay concedes that, in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006), this court held that the Armed Career Criminal Act's "use of the term 'occasion' requires recourse only to data normally found in conclusive judicial records, such as the date and location of an offense, upon which Taylor [v. United States, 595 U.S. 475 (1990)] and Shepard [v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005)] say we may rely." 421 F.3d at 286. Thus, Thompson holds that a jury need not find that the prior offenses occurred on different occasions because "this fact is inherent in the convictions themselves, and thus is not among the kinds of facts extraneous to a conviction that Blakely or Shepard requires a jury to find." Id.

- 2 -

Because the facts necessary to support Clay's sentence to the statutory minimum fifteen-year sentence under § 924(e) were evident from the "conclusive significance of a prior judicial record," <u>Shepard</u>, 125 S. Ct. at 1262-63, no due process or Sixth Amendment error occurred.

Clay urges us to revisit our decision in <u>Thompson</u>. However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting <u>en banc</u> can do that." <u>Scotts Co. v. United Indus. Corp.</u>, 315 F.3d 264, 271-72 n.2 (4th Cir. 2002).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>